**Robert Stempler**, Cal. Bar No. 160299
Email: Robert@StopCollectionHarassment.com
CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APLC
P.O. Box 1721
Palm Springs, CA 92263-1721

Telephone (760) 422-2200
Fax: (760) 479-5957

Attorney for Plaintiff,
    EDWIN J. ARRUE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN J. ARRUE,<br><br>    Plaintiff,<br><br>vs.<br><br>COLLECT ACCESS LLC;<br>and DOES 1 to 10;<br><br>    Defendants. | Case No. CV-10-06418-VBF (FMOx)<br><br>PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT<br><br>Time: 1:30 p.m.<br>Date: March 21, 2011<br>Place: Courtroom 9 (Spring Street)<br>Judge Valerie Baker Fairbank<br><br>Motion Filing Cutoff: May 23, 2011<br>Pretrial Conf: July 18, 2011<br>Trial Date: August 2, 2011 |

I.   Procedural Facts

In its papers opposing Plaintiff's Motion for Partial Summary Judgment ("Motion"), there does not appear to be any material fact that Defendant disputes. In particular, Plaintiff's statement of uncontroverted facts and conclusions of law ("SUF") contains eleven material facts. SUF # 1 is: "Defendant is a debt collection agency." Rather than restate this fact and SUF #3 and #4 in its "Separate Statement of Genuine Disputes of Material Fact In Support of Opposition to Plaintiff's Motion for Summary Judgment" ("SGDF") and offer evidence of a genuine dispute, Defendant states as its fact #1 that: "Defendant is a creditor, as Defendant was not

- 1 -

collecting Plaintiff's obligation for another, but itself, and under its own name." Thus, Defendant does not dispute Plaintiff's SUF #1, #3, or #4.  Defendant does not deny that it purchased the debt after the Plaintiff defaulted on it. The Fair Debt Collection Practices "Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not." Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir.2003) ["Schlosser"]. Defendant does not dispute that it is the assignee of an account that was in default from the original creditor, Providian Bank/Washington Mutual.

Similarly, Defendant failed to restate and present evidence of a genuine dispute to SUF #1 thru #11. See "Scheduling and Case Management Order for Cases Assigned to Judge Valerie Baker Fairbank" at 4:3-17 (Doc. #14). In evaluating Defendant's arguments, below, Plaintiff submits that his Motion should be granted.

II.  Law and Argument

    A.  STANDARD RE CREDITOR EXCEPTION ARGUMENT

In U.S. v. Novak, 476 F.3d 1041, 1067 (9th Cir., 2007), the Ninth Circuit observed: "John Hancock Mut. Life Ins. Co. v. Harris Trust & Sav. Bank, 510 U.S. 86, 97, 114 S.Ct. 517, 126 L.Ed.2d 524 (1993) (noting that courts should be "inclined, generally, to tight reading of exemptions from comprehensive schemes" such as ERISA)." "The case law indicates that an organizational label is insufficient to insulate a party from liability under the statute." Romine v. Diversified Collection Services, Inc., 155 F.3d 1142, 1147 (9th Cir.1998) (concluding that Western Union was a debt collection agency, subject to the FDCPA).

Exempt creditor status under § 1692a does not extend from the original creditor to all future assignees, after default on the debt. See e.g., Whitaker v. Ameritech Corp., 129 F.3d 952, 958-59 (7th Cir., 1997) (debt not in default when obtained); Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 106 (6th Cir., 1996) (same); Cirkot v. Diversified Financial Systems, Inc., 839 F. Supp. 941, 944-46 (D. Conn.

1993) (debt in default; no relationship to original creditor; not constrained by desire to protect customer good will); Holmes v. Telecredit Serv. Corp., 736 F. Supp. 1289 (D. Del. 1990) ("With the phrase 'for another' at the end of the exception, Congress merely intended that the debts should have originally belonged to another and that the creditor was therefore in effect a third-party or independent creditor"); Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1485, 1486 (M.D. Ala. 1987) ("[E]ven though FFC collects debts for itself, it is still a debt collector within the meaning of §§1692a(4) and 1692a(6) of the Act, because the corporation regularly collects debts and debt collection is its principal purpose, and because the debts the corporation collects were already in default when they were assigned to the corporation").

### B.   NO GENUINE FACTS EXIST AS TO DEFENDANT'S LIABILITY
#### 1.   Collecting on defaulted debt makes it covered by the FDCPA

Defendant's citation to § 1692a does not support its argument that it is exempt from the FDCPA as a "creditor," because to invoke the status as a "creditor," "does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." "[L]itigating . . . seems simply one way of collecting a debt." Heintz v. Jenkins, 514 U.S. 291, 297, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).

SGDF #1 states: "Defendant is a creditor, as Defendant was not collecting Plaintiff's obligation for another, but itself, and under its own name." Thus, by its own opposing papers, Defendant was collecting the debt for itself, not another. Thus, Defendant was the owner of the debt, following default, collecting for itself.

Defendant's cites Russell-Allgood v. Resurgent Capital Services, L.P. 515 F.Supp.2d 1307 (N.D. Ga., 2007) for the proposition that a debt collection agency buyer is exempt from the FDCPA as a creditor. However, this case is no longer good law in that District Court. See Kuria v. Palisades Acquisition XVI, LLC, --- F.Supp.2d ----, 2010 WL 4780769 (N.D. Ga., 2010).

Russell-Allgood should also be disregarded for this proposition, as it would confer exempt status to every debt collection agency suing on debts it has acquired. That would conflict with to the U.S. Supreme Court, which explained that "litigating . . . seems simply one way of collecting a debt." Heintz v. Jenkins, 514 U.S. 291, 297, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). It also conflicts with Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1516 (9th Cir.1994), which held a debt collector vicariously liable for an attorney's violation of the FDCPA venue provision. Russell-Allgood cannot be reconciled with Perretta v. Capital Acquisitions & Mgmt. Co., No. C-02-05561 RMW. 2003 WL 21383757, *4 (N.D. Cal., May 5, 2003) (debt collector's threat to "take further steps" violates the FDCPA for threatening to file suit on a time-barred debt) or Kimber v. Federal Financial Corp., 668 F.Supp. 1480 (M.D.Ala. 1987) (holding letters merely threatening to sue on a time-barred claim are "fraudulent," because a debt collector cannot "legally prevail in such a lawsuit").

Defendant does not offer any evidence disputing SUF #1, #3, or #4. Defendant purchased the defaulted account from Hudson & Keyse, which assigned the debt to Defendant. (See Gary Ngan Decl., Ex. A.) Thus, Defendant is covered by the FDCPA as a debt collector. Schlosser, supra, 323 F.3d at 536; see 15 U.S.C. § 1692a(6). Thus, Defendant is not a "creditor" exempt from FDCPA coverage.

### 2. Bona Fide Error Defense In the Ninth Circuit

The Ninth Circuit has a more recent case on the issue of the bona fide error defense under the FDCPA. In McCollough v. Johnson, Rodenburg & Lauinger, LLC, --- F.3d ----, 2011 WL 746892, *5 (9th Cir., 2011) ["McCollough"], the Ninth Circuit affirmed the District Court's granting of Partial Summary Judgment for the Plaintiff, in that the "bona fide error defense failed as a matter of law." "Thus, to qualify for the bona fide error defense, the defendant must prove that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation." Id.

1                  a.      The Time-Barred State Debt Collection Case

2      Rather than explain its untimely filing of the lawsuit using the Ninth Circuit's
3 standard for determining whether a viable bona fide error defense exists, as stated in
4 Reichert v. National Credit Systems, Inc., 531 F.3d 1002, 1007 (9th Cir. 2008),
5 Defendant's brief quotes the Seventh Circuit's older case of Kort v. Diversified
6 Collection Servs., 394 F.3d 530, 538 (7th Cir., 2005) and Black's Law Dictionary.
7 Neither of these standards apply over McCollough or Reichert, which should have
8 been cited. Defendant's citations to Clark v. Capital Credit & Collection Servs., 460
9 F.3d 1162, 1174 (9th Cir., 2006) [Clark] and Navarro v. Eskanos & Adler, 2007 WL
10 549904, 2007 U.S. Dist. LEXIS 15046 (N.D. Cal. Feb. 20, 2007) [Navarro] also yield
11 to Reichert and McCollough regarding bona fide error defense in this Circuit.

12      Quoting Navarro, supra, which referred to Clark, supra, Defendant proposes
13 that a debt collection agency may "rely on information from clients to determine
14 whether or not the statute of limitations had run" or "rely upon information provided
15 by a creditor who has provided accurate information in the past." In Clark, supra, 460
16 F.3d at 1174, the Ninth Circuit found:

17         Undisputed facts demonstrate that, upon the Clarks' request for
18         verification, Capital obtained information from Dr. Evans [the client and
19         original creditor of the debt] about the nature and balance of the
20         outstanding bill and provided the Clarks with documentary evidence in
21         the form of the itemized statement. Hasson also sent the Clarks a copy
22         of the itemized statement, which he had received from Capital. Within
23         reasonable limits, Capital and Hasson were entitled to rely on their
24         client's statements to verify the debt.

25      In the case at bar, Defendant Collect Access does not show facts comparable
26 to Clark. The Declaration of Gary Ngan does not state that Defendant contacted the
27 original creditor, JP Morgan Chase Bank. Nor does the Declaration of Gary Ngan
28 offer any erroneous representation by any third party (or predecessors in interest) that

1 (i) a four-year or a six-year statute of limitations should apply, or (ii) that Defendant
2 was given the wrong date on which to calculate the limitations period.

3       In offering evidence that Defendant believed the statute of limitations period
4 was four years or six years, Defendant attempts to rewrite the findings from the State
5 Case, which was specifically filed as a "Providian Bank credit card collections case."
6 (Plaintiff's Request for Judicial Notice (Doc. #18-5), Ex. A at 7:13.)  Plaintiff in its
7 moving papers submits that this District Court should not allow Defendant to retry
8 the State Case. See Reusser v. Wachovia Bank, 525 F.3d 855, 858-59 (9th Cir. 2008).

9       To qualify for an error made good faith, the Defendant must explain its
10 "procedures reasonably adapted to avoid any such error, . . . along with the manner
11 in which they were adapted to avoid the error." Reichert, supra, 531 F.3d at 1007. In
12 paragraph 12 of his declaration, Mr. Ngan suggests that Defendant believed that
13 either the six-year or the four-year statute of limitations period applied, but offers no
14 specific procedure for how Defendant determined this, before filing the State Case.

15       "A mistake of law is not a defense." McNall v. Credit Bureau of Josephine
16 County, Inc., No. CV 07-3075-CL, 2010 WL 3306899, *3 (D. Or., Aug. 19, 2010),
17 citing Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S.Ct. 1605,
18 1624, 176 L.Ed.2d 519 (2010).  Thus, Defendant's application of the wrong statute
19 of limitations period is not a valid bona fide error defense under the FDCPA.

20       Under California choice of law, Nevada's longer six-year statute of limitations
21 is improper against a California resident.  See, e.g., Ashland Chemical Co. v.
22 Provence, 129 Cal.App.3d 790, 794, 181 Cal.Rptr. 340 (1982); Deutsch v. Turner
23 Corp., 324 F.3d 692, 716-17 (9th Cir., 2003); Target Technology Company, LLC, v.
24 Williams Advanced Materials, Inc., No. SACV 04-1083 DOC (MLGx), 2008 WL
25 5002935, *8-9 (C.D. Cal., Nov. 21, 2008.)  Apply the shorter limitations period, for
26 a choice-of-law provision in a credit card agreement. Resurgence Financial, LLC v.
27 Chambers, 173 Cal.App.4th Supp. 1, 7, 92 Cal.Rptr.3d 844 (2009).   Thus, the
28 statements by Mr. Ngan do not show a good faith bona fide error.

                b.      <u>Improper Communications with a Represented Consumer</u>

In opposition to the improper sending of a communication to a represented consumer, in violation of 15 U.S.C. § 1692c(a), Defendant argues that it had reasonable procedures to prevent such improper mailing to represented consumers (SGDF #6, #7) and that error was due to a mechanical or clerical error (SGDF #8). Defendant does not explain who made the error or what machine caused the error.

The FDCPA is "a strict liability statute." <u>Reichert</u>, <u>supra</u>, 531 F.3d at 1007. "There is no evidence here even to suggest that an attorney proofreads correspondence before it is sent to a debtor." <u>Adams v. Law Offices of Stuckert & Yates</u>, 926 F. Supp. 521, 529 (E.D. Pa. 1996) (training and written procedures insufficient to show bona fide error: "The debt collector must have in place some ongoing policy that operates to detect, correct and prevent errors").

Defendant's brief in opposition adds that the two documents "were not intentionally sent to Plaintiff, as they were meant to be mailed to Plaintiff's counsel." (Opposition Brief, 7:8-9.) However, the collection letter dated November 12, 2009 has the Plaintiff's name and home address and it does not contain language that would have been sent to an attorney representing the consumer. (<u>See</u> D&E, pp. 9-11.) The proof of service attached to the Case Management Statement shows Plaintiff's name and home address. (See D&E, p. 16.) Had it been "inadvertent," then the proof of service would have shown counsel's name and address, not the consumer.

In attempting to explain the procedures of his law firm to change the address when counsel represents a consumer, Mr. Jen fails to specify the procedures (per <u>Reichert</u>, <u>supra</u>) that reasonably ensure that consumers do not receive further communications, after counsel appears. There is no indication from Mr. Jen's general description of office procedures to change a name and address, that Collect Access or Zee Law Group does anything in particular to ensure the attorney designation has been noted and all mail to the consumer stopped. There is no indication that the attorney who signed the letter to the debtor reviewed it before it was sent.

The Declaration of Jerry Jen states that "the case is flagged to alert other staff." (Jen Dec. ¶ 4.) It fails to explain by what means the case is "flagged" (such as a paper note on the paper file, or an electronic marker in the computer, or by moving the file to another file cabinet or part of the office). It is not stated which "staff" is charged with implementing the flagging procedure. If there is such a "flagging procedure," why didn't it work in these two instances? Mr. Jen claims that the name and address are changed *immediately* for counsel. (Jen Dec. ¶ 5.) There is no declaration submitted by attorney Tappan Zee explaining how his letter dated November 12, 2009 was "inadvertently" addressed and sent to a represented consumer, which was supposedly "flagged." There is also no declaration by any clerical person at Zee Law Group that they missed the "flagged" file of a represented consumer, in serving the Case Management Statement.

In response to Plaintiff's interrogatories numbers 5, 8, and 15 (regarding procedures to prevent the FDCPA and CRFDCPA violations), Defendant did not refer to flagging the file, but offered mere conclusory statements that it "provides extensive training to its staff as to the guidelines set forth under the FDCPA and regularly audits its accounts." (SUF # 10.) Plaintiff submits that the Court should not permit Defendant's attempt to offer further vague explanations, in light of its previous interrogatory answers, where were wholly inadequate.

Thus, Plaintiff submits that the Court need not consider the declarations of Jerry Jen and Gary Ngan that the communications with a represented consumer were unintentional or inadvertent. The FDCPA is a strict liability statute. Absent a specific explanation of its procedures reasonably designed to prevent the violations that resulted, the Defendant's bona fide error defense fails as a matter of law.

### c.  Violation of the CRFDCPA Not Disputed

Defendant fails to offer a single argument or material fact that Defendant is not subject to the CRFDCPA and liable for violating it. Indeed, Defendant's argument of

- 8 -

its "creditor" status carries no exemption from being liable under the CRFDCPA, as both original creditors and assignees and debt collection agencies are liable for the violations that are the subject of this lawsuit, under Cal. Civil Code § 1788.2( c).

### C. DEFENDANT'S REQUEST UNDER RULE 56(f)

Citing F.R.C.P. Rule 56(f) incorrectly as "56(d)," Defendant opines in its Opposition Brief that the motion must be denied, because it "has not had the opportunity to discover information essential to its opposition." Rule 56(f) permits denial or continuance of the motion, only if the party opposing "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition."

Defendant asks for relief under Rule 56(f) only in its Opposition Brief, which is not under oath. Thus, the Rule 56(f) request is unsupported by an affidavit, and should be denied. Also, the issue of damages is not being determined by the Motion, so Defendant has adequate time to prepare for trial on that issue.

### III. CONCLUSION

As there are no triable issues of material fact, the Court should grant partial summary judgment for Plaintiff and against Defendant.

CONSUMER LAW OFFICE OF ROBERT STEMPLER, APLC

By: /s/
Robert Stempler,
Counsel for Plaintiff